# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GARY B. CAMPBELL,**

      **Plaintiff,**

v.                                                   Case No. 06-C-560

**DAVID A. CLARKE,**
**RICHARD R. SCHMIDT, and**
**THE MILWAUKEE COUNTY JAIL,**

      **Defendants,**

## DECISION AND ORDER

On May 9, 2006, plaintiff, Gary Campbell, who is presently incarcerated at the Milwaukee County Jail (MCJ), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's motion for leave to proceed in forma pauperis following the assessment and payment of the plaintiff's initial partial filing fee of $4.17.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In addition, the court is directed to dismiss the case at any time if it determines that "the allegation of poverty is untrue." 28 U.S.C. §1915(e)(2)(A).

As a preliminary matter, the court notes that plaintiff has sought in forma pauperis status in a number of cases in the Western District of Wisconsin which are relevant to this

court's consideration of his instant request to proceed in forma pauperis. In particular, Judge Barbara Crabb recently entered an order denying the plaintiff's application for leave to proceed in forma pauperis on the ground that his trust account statement showed that he had received deposits to his prison trust account totaling $380, but had not insured that the deposits were collected by the jail to pay the balances he owed for filing complaints and/or appeals in the following cases: (1) Campbell v. Nyklewick, No. 05-C-481 (balance owed of $79.56); (2) Campbell v. Johnson, No. 04-C-661 (balance owed of $644.59); (3) Campbell v. Doll, No. 02-C-255 (balance owed of $227.46); and (4) Campbell v. Toney, No. 01-C-524 (balance owed of $181.93). See Campbell v. Clarke, No. 06-C-148, (W.D. Wis. April 19, 2006). Judge Crabb concluded that in such circumstances the plaintiff is to be treated as though he had struck out under 28 U.S.C. §1915(g) until the amount he is in arrears has been paid. See Campbell v. Clarke, No. 06-C-148, (W.D. Wis. April 19, 2006) (citing Thurman v. Gramley, 97 F.3d 185, 188 (7th Cir. 1996)). As a result, Judge Crabb denied the plaintiff's request for leave to proceed in forma pauperis and ordered that he was not allowed to apply for pauper status in that court until he submits proof that he has paid the amount he is in arrears unless his complaint reveals that he is under imminent danger of serious physical injury. Campbell v. Clarke, No. 06-C-148, (W.D. Wis. April 19, 2006).

Thereafter, plaintiff commenced the instant action in this court but did not inform the court of Judge Crabb's April 19, 2006, order. On May 9, 2006, the same day that the plaintiff filed his complaint in this court, Judge Crabb entered an order in another one of plaintiff's cases – Campbell v. Nyklewick, No. 05-C-481 – which dismissed such case, with prejudice, as a sanction for submitting a false affidavit of indigency in support of his request to proceed in forma pauperis. See Campbell v. Nyklewick, No. 05-C-481 (W.D. Wis. May

2

9, 2006). The court's decision was based on its finding that on at least one occasion, (February 13, 2006), the plaintiff had conspired with another inmate, Dion Spychala, to deposit funds intended for plaintiff into Spychala's account in order to maintain a low or negative balance in his prison trust account so that he could avoid making monthly payments for filing fees as required under the Prison Litigation Reform Act. Id.

The prison trust account statement found to be fraudulent by Judge Crabb covered the period from February 16, 2005, to April 21, 2006. The prison trust account statement filed by the plaintiff in the instant case covers the period from October 2, 2005, to April 21, 2006, which includes the fraudulent transaction on February 13, 2006.[1] Section 1915(e)(2)(A) provides that "the court shall dismiss the case at any time" if the allegation of poverty by the plaintiff is found to be false. 28 U.S.C. §1915(e)(2)(A) (emphasis added). The court must dismiss a pending suit under these circumstances. See Thomas v. General Motors Acceptance Corp., 288 F.3d 305, 306 (7th Cir. 2002); Eleby v. Unilever Food Solutions, No. 05-C-4509, 2006 WL 644022 at *2 (N.D. Ill. Mar. 3, 2006).

Plaintiff filed his complaint and affidavit of indigence in this case prior to receiving notice of Judge Crabb's May 9, 2006, order which found that his trust account statement was fraudulent. However, since receiving notice of that decision, he has not taken any steps to notify this court of Judge Crabb's decision nor did he take steps to correct the fraudulent information in the trust account statement. Indeed, because the plaintiff did not use the prepared complaint form for civil rights actions under 42 U.S.C. §1983, which requires

---

[1] The plaintiff also taped a "receipt" dated April 28, 2006, to a letter submitted to this court on May 9, 2006, which shows his account balance as of that date to be negative $54.34.

3

plaintiffs to identify the status of previously filed lawsuits, it was the court's own research that uncovered the information concerning his cases in the Western District of Wisconsin. Thus, I find that dismissal of the plaintiff's action is warranted under 28 U.S.C. §1915(e)(2)(A) because the trust account statement he submitted in this case includes fraudulent information.

Dismissal of the plaintiff's action is also warranted because the complaint fails to state a claim upon which relief can be granted. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiffs' pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This

statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also, Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

Plaintiff alleges that while being held as a pretrial detainee at the MCJ he is being deprived of access to a law library or legal research material such as "black law dictionary [sic], legal paper, stamps, carbon paper [and] Shepard's citation." (Complaint at 3.) It is well established that prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). A prisoner's right of access to the courts includes both the right not to be obstructed by state actors in his attempt to present his claims to the courts, and the more limited right to receive the assistance necessary to enable him to present claims relating to the lawfulness or conditions of his confinement. See generally Snyder v. Nolen, 380 F.3d 279, 290-91 (7th Cir. 2004) (per curiam).

A complaint of denial of access to the courts requires not only that there have been interferences with the plaintiff's ability to access the courts but also that the plaintiff has suffered "actual injury." Lewis v. Casey, 518 U.S. 343, 348-49 (1996). Actual injury includes, but is not necessarily limited to, prejudice to contemplated or existing litigation, such as a plaintiff's missing a filing deadline or being foreclosed from presenting a certain claim to the courts. Id. at 351. Failure to identify some detriment that is linked to an adverse decision in, or inability to litigate, a case "is fatal . . . under any standard of sufficiency."

5

Martin v. Davies, 917 F.2d 336, 340 (7th Cir. 1990) (giving as examples of prejudice "court dates missed" and "inability to make timely filings").  Alone, delay and inconvenience do not rise to a constitutional deficiency.  Campbell v. Miller, 787 F.2d 217, 229 (7th Cir. 1986).  To state a claim, Fed.R.Civ.P. 8(a) notice pleading requires plaintiffs to "make specific allegations as to the prejudice suffered because of the defendants' alleged conduct."  Marshall v. Knight, 445 F.3d 965 (7th Cir. 2006) (quoting Ortloff v. United States, 335 F.3d 652, 656 (7th Cir. 2003).  In addition, a claim for denial of access to the courts must involve intentional interference; negligent conduct by a government official is insufficient to support a claim under § 1983.  Harrell v. Cook, 169 F.3d 428, 432 (7th Cir. 1999).

Under the standard set forth above, the plaintiff's allegations against defendants do not state a valid denial of access to courts claim.  The plaintiff's complaint lacks any allegations suggesting that he suffered prejudice as a result of the lack of access to legal material and a law library.  Indeed, with respect to his nine "active" criminal cases, he admits that he is represented by an attorney and only needs access to case law "to help myself and give advice to my attorney's [sic] about my cases."  Moreover, he has not alleged that he missed any deadlines or suffered adverse court rulings in his civil or criminal cases due to the defendants' alleged conduct.  Therefore, because plaintiff has failed to make any allegations as to prejudice, I find that his access to courts claim fails to state a claim upon which relief will be granted.

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiffs' request to proceed in forma pauperis will be **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. §§1915(e)(2)(A), 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that plaintiff's motion to screen complaint or reassign case (Docket # 5) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff or his designee shall collect from the plaintiff's prison trust account the $245.83 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the Milwaukee County Sheriff.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 26 day of July, 2006.

/s_____
LYNN ADELMAN
District Judge