# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GARY B. CAMPBELL,**

    **Plaintiff,**

v.                                                              **Case No. 06-C-560**

**DAVID A. CLARKE,**
**RICHARD R. SCHMIDT, and**
**THE MILWAUKEE COUNTY JAIL,**

    **Defendants,**

## DECISION AND ORDER

On May 9, 2006, plaintiff, Gary Campbell, who is presently incarcerated at the Milwaukee County Jail (MCJ), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that he was denied his constitutional right to access to the courts. By order of July 26, 2006, the court granted plaintiff's petition to proceed in forma pauperis. However, the court then dismissed the action under 28 U.S.C. §1915(e)(2)(A) because it determined that the allegation of poverty was untrue as it was based on a trust account statement which included fraudulent information. (Screening Order, July 26, 2006.) In addition, the court concluded that dismissal was also warranted under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint failed to state a claim upon which relief could be granted. Judgment dismissing plaintiff's action was entered by the Clerk of Court on July 26, 2006.

On August 3, 2006, plaintiff filed a "Motion for Reconsideration" of the court's order and the judgment of July 26, 2006. Thereafter, on August 22, 2006, plaintiff filed a notice

of appeal in the Court of Appeals for the Seventh Circuit and a "Motion to Proceed on Appeal In Forma Pauperis." Both of these motions will be addressed herein.

## I.  MOTION FOR RECONSIDERATION

There is no "motion for reconsideration" mentioned in the Federal Rules of Civil Procedure. There are, however, Rules 59(e) and 60(b) which govern post-judgment motions attacking the merits of a district court's decision and can be used to have a court correct a judgment. Plaintiff did not specify which of these procedural rules he believes entitles him to relief. Because the motion was filed within ten days of entry of the judgment dismissing his case, the court will construe his motion as one seeking relief under Rule 59(e). See Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (motion for reconsideration filed within ten days of the entry of judgment procedurally qualified as a Rule 59(e) motion to alter or amend the judgment).

A motion pursuant to Rule 59(e) allows the court to alter or amend the judgment in limited circumstances where it is shown that newly discovered evidence, an intervening change in the controlling law, or manifest error of law undermines the validity of the judgment. Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998); In re Prince, 85 F.3d 314, 324 (7th Cir. 1996); Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996); Russell v. Delco Remy Div. Of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). "Manifest error of law" has been defined as "'wholesale disregard, misapplication, or failure to recognize controlling precedent'" on the part of the court. Oto v. Metro Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp 1063, 1069 (N.D. Ill 1997)).

2

As stated previously, plaintiff's action was dismissed for two reasons. The court first determined that the action should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(A) which directs courts to dismiss a case if the allegation of poverty by the plaintiff is found to be false. I concluded that dismissal under §1915(e)(2)(A) was warranted because the trust account statement plaintiff submitted included information found to be fraudulent by Judge Crabb in connection with a case plaintiff had pending before her in the Western District of Wisconsin. See Campbell v. Nyklewick, No. 05-C-481 (W.D. Wis. May 9, 2006.)[1]

Other than arguing that this court's decision to dismiss his action on these grounds was "unfair" and "bias[ed]," plaintiff presents no grounds warranting reconsideration of the court's determination that dismissal was justified under §1915(e)(2)(A). Moreover, plaintiff does not dispute the court's finding that the information he submitted to the court contained fraudulent information. Thus, the court will not reconsider its decision to dismiss plaintiff's action pursuant to §1915(e)(2)(A).

In addition, the court determined that dismissal of plaintiff's action was required under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint failed to state a claim upon which relief could be granted. The court construed plaintiff's complaint as alleging that the inadequate law library and legal materials provided at the MCJ denied him access to the courts. However, the court found that the allegations of the complaint did not state a valid

---

[1] By order of May 9, 2006, in, Judge Crabb dismissed plaintiff's case – Campbell v. Nyklewick, No. 05-C481 – as a sanction for submitting a false affidavit of indigency in support of his request to proceed in forma pauperis. See Campbell v. Nyklewick, No. 05-C-481 (W.D. Wis. May 9, 2006). The court's decision was based on its finding that on at least one occasion, (February 13, 2006), the plaintiff had conspired with another inmate, Dion Spychala, to deposit funds intended for plaintiff into Spychala's account in order to maintain a low or negative balance in his prison trust account so that he could avoid making monthly payments for filing fees as required under the Prison Litigation Reform Act. Id.

3

denial of access to courts claim because it lacked any allegations suggesting that plaintiff suffered prejudice as a result of the lack of access to a law library and other legal materials. (Screening Order, July 26, 2006 at 6.) Plaintiff argues that the court's decision was erroneous because he is not required to plead prejudice in his complaint. (Plaintiff's Motion for Reconsideration Memorandum at 1 and 2.)

The Court of Appeals for the Seventh Circuit recently explained the pleading standard applicable to denial of access to court claims in Pratt v. Tarr, No. 05-4470, slip op. at 4 (7th Cir. Sept. 27, 2006) where it stated "it is not enough for a plaintiff to allege that the prison did not supply him with writing materials. . . . To survive a motion to dismiss, the complaint would have to go on and allege that as a result of the prison's action the plaintiff had lost a case or suffered some other legal setback." The court further explained the notice pleading standard applicable to denial of access claims as follows:

> the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts* and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed . . . . [A] prisoner's complaint [must therefore] spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions. Requiring the complaint to include the basic allegations of the prejudice suffered serves the traditional purpose of notice pleading; it gives defendants fair notice of the claims against them and a reasonable opportunity to form an answer.

Id. (emphasis in original) (citing Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006)).

Contrary to plaintiff's suggestion in his motion for reconsideration, a plaintiff pursuing a denial of access to courts claim is required to allege, with minimal detail, the prejudice suffered as a result of the defendants' conduct. Thus, the court's determination in the screening order that plaintiff's complaint was required to contain allegations of the prejudice

4

suffered was not erroneous under controlling case law and does not provide a basis for relief under Rule 59(e).

The court's finding that prejudice had not been sufficiently alleged was based on the fact that plaintiff had not alleged that he missed any deadlines or suffered adverse court rulings in his civil or criminal cases due to the defendants' alleged conduct and that, with respect to his nine "active" criminal cases, plaintiff admitted that he is represented by an attorney and only needs access to case law "to help myself and give advice to my attorney's [sic] about my cases." Plaintiff does not dispute these findings in his motion for reconsideration but does contend that the inadequate law library has hindered his ability to pursue his appeal in a civil case that he has pending before the Court of Appeals for the Seventh Circuit (Campbell v. Johnson, No. 06-1235). However, nothing in plaintiff's motion for reconsideration suggests that he suffered any prejudice in connection with that appeal. Moreover, it appears that this issue will be taken up by the court of appeals insofar as plaintiff asserts that the appellate court has invited him to raise his access to the courts argument relating to his appeal in his opening brief. (Pl.'s Memorandum at 13.)

Because plaintiff has not shown that alteration or amendment of the court's judgment dismissing his action under 28 U.S.C. §§1915(e)(2)(A), 1915(e)(2)(B) and 1915A(b)(1) is warranted under Rule 59(e) based on newly discovered evidence, an intervening change in the controlling law, or manifest error of law, his motion for reconsideration will be denied.

## II. MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS

As previously noted, on July 26, 2006, this court issued an order and judgment granting the plaintiff's request to proceed in forma pauperis and dismissing the action

5

because the allegation of poverty was untrue (28 U.S.C. § 1915(e)(2)(A)) and because the action lacked any arguable basis in law (28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1)). In that same order, the court certified that any appeal from that matter would not be taken in good faith pursuant to 28 U.S.C. §1915(a)(3) unless the plaintiff offered bona fide arguments supporting his appeal.

The plaintiff has now appealed and has filed a motion to proceed in forma pauperis on appeal. Under the Federal Rules of Appellate Procedure, a party who has been granted leave to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed in forma pauperis. Fed. R. App. P. 24(a)(3); see also 28 U.S.C. § 1915(a)(3). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also, Coppedge v. United States, 369 U.S. 438, 445 (1962). To act in bad faith means to sue on the basis of a claim that no reasonable person could suppose to have any merit. See Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that an appeal in an frivolous suit cannot be "in good faith" under 28 U.S.C. § 1915(a)(3) because "good faith" must be viewed objectively). Thus, the existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition. Howard, 707 F.2d at 220.

The plaintiff has submitted a notice of appeal in which he states that the memorandum filed in support of his motion for reconsideration identifies bona fide arguments for his appeal. In addition, plaintiff has submitted an affidavit of indigence with

his request which shows transactions in his account from October 12, 2005 through August 26, 2006.

Like his original request for leave to proceed in forma pauperis, the plaintiff's request to proceed in forma pauperis on appeal is supported by a trust account statement that includes the February 13, 2006, transaction found to be fraudulent by Judge Crabb and by this court in its order of July 26, 2006. Furthermore, the plaintiff has not offered any bona fide arguments challenging this court's previous finding that dismissal of his action was required under 28 U.S.C. §1915(e)(2)(A) because plaintiff's allegation of poverty was based on false information.

The ability to proceed in forma pauperis is a "'privilege provided for the benefit of indigent persons.'" Cucco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D. N.Y. 2004) (citing Chung v. Dushane, 2003 WL 22902561 at *2 (N.D. Ill. Dec. 9, 2003). As such "the court system depends on the honesty and forthrightness of applicants to ensure that the privilege is not abused." Chung, 22003 WL 22902561 at *2.

Because plaintiff continues to support his contention that he is indigent with a trust account statement that includes fraudulent information, plaintiff is not entitled to the privilege of proceeding in forma pauperis on appeal. This being the case, the I will deny plaintiff's request for leave to proceed in forma pauperis on appeal.

The plaintiff is hereby notified that he "may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of" the instant order. Fed. R. App. P. 24(a)(5).

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request to proceed in forma pauperis on appeal is hereby **DENIED** because this court certifies that the appeal is not taken in good faith.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Milwaukee County Sheriff and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated at Milwaukee, Wisconsin, this 1 day of November, 2006.

_____
LYNN ADELMAN
District Judge